IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GARY PEREZ and MATILDE TORRES,** | § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | **CIVIL ACTION NO. SA-23-CV-977-FB** |
| **CITY OF SAN ANTONIO,** | | |
| Defendant. | | |

## PARTIAL ORDER CONCERNING PRELIMINARY INJUNCTION ISSUES

After a four-day preliminary injunction hearing, the Court finds two issues which need to be addressed now due to time constraints. There will follow a more thorough and detailed analysis, opinion and order.

This case involves competing interests of constitutionally protected religious exercise and compelling government responsibilities to protect public health and safety.

Plaintiffs want to resume their historic access to a sacred site in Brackenridge Park which is presently fenced off in anticipation of restorative construction to begin as soon as all permits are obtained. The site is depicted in Plaintiffs' Exhibit 58 attached hereto and comprises an approximate 20-foot-by-30-foot rectangular plot out of two acres of land located between two bald cypress trees. Defendant City contends that one of the trees, number 129, poses a risk of injury or death because of a large broken limb which the evidence showed can be removed quickly and must be done before the area can be reopened to the general public irrespective of the religious free exercise matter before the Court.

The immediate desire of the City is to resume bird deterrent operations to comply with the Migratory Bird Treaty Act and to prevent large amounts of foul fowl feces making the area unhealthy for humans, especially the Court notes for toddlers who put anything and everything in their mouths.

Concerning access for Plaintiffs' religious exercise, the Court finds that Plaintiffs have a sincere religious belief and are entitled to be present at the site on the dates of November 17 and December 21, 2023. Plaintiffs, through their counsel, shall keep the City and the Court informed of other proposed dates. The Court will address other issues during construction and as is suggested later in this Order.

To comply with the Court's Order, the City shall:

1. Immediately remove the broken limb on Tree 129.

2. Install a gate in the fence depicted in Plaintiffs' Exhibit 58. The gate may remain locked except in the designated Plaintiffs' access time and dates.

As the construction time approaches, the City shall explore whether the sacred site can be separately fenced off with fencing from the street on the exterior side of the trunks of the two trees to the riverbank, and if not, why not.

With regard to bird deterrence, the Court finds a serious public health risk exists which surpasses Plaintiffs' desire to have the double-crested cormorant present for their dropped feathers which no doubt Plaintiffs already have or can be found in other locations. Accordingly, the City may resume bird deterrent operations, except for the dates on which Plaintiffs religious ceremonies occur.

Finally, the Court makes this observation: Spiritual reflection and connection contemplate being done in the quiet of a forest or a traditional house of worship. Because of the publicity this matter has engendered, the Court predicts Plaintiffs' time in the sacred area will be disruptively accompanied by television camera crews, other members of the press and the general public who are

also protected by the First Amendment of our Bill of Rights.  Plaintiffs' religious experience may not be as satisfactory as hoped for.

Following the example of another individual who had to make difficult decisions, it is so ORDERED.  1 *Kings* 3:16-28.

SIGNED this 2nd day of October, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

