UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Gary Perez and Matilde Torres,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>City of San Antonio,<br><br>    *Defendant*. | Case No. 23-cv-00977-FB |

### DEFENDANT CITY OF SAN ANTONIO'S RESPONSE TO MOTION TO STRIKE AND REPLY TO PLAINTIFFS' RESPONSE TO OPPOSED SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE FRED BIERY,
UNITED STATES DISTRICT JUDGE:

The City of San Antonio files this Response to Motion to Strike and Reply to Plaintiffs' Response (Dkt. 123) to the City's Supplemental Motion for Protective Order (Dkt. 122), and would respectfully show as follows:

I. <u>All Parties agree that a Status Conference is necessary to resolve disputes over the scope of discovery in this procedurally unusual case.</u>

    1.1    After eleven months of no action in this Court, and with no decision by the Texas Supreme Court at this point on the certified question from the Fifth Circuit, Plaintiffs began aggressive and wide-ranging written discovery, deposition notices, and now two document subpoenas to two of the City's Consultants/Contractors on the Brackenridge Park Project. This discovery by Plaintiffs was undertaken knowing the City had serious objections to the scope and timing of merits discovery, especially in view of Plaintiffs' ongoing appeals from this Court's denial of a preliminary injunction, as well as this Court's

October 25, 2023 "Order on Plaintiffs' Emergency Motion for Injunction Pending Appeal" (Dkt. 59). In that order, the Court observed that "the Free Exercise Clause <u>does not give [plaintiff] the right to demand that the City provide him with municipally-owned property as a place of worship</u>" or "conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens."[1] The Court also observed that "… as the City points out in its Response, the "Free Exercise Clause of the First Amendment . . . is written in terms of what the government cannot do to the individual, *not* in terms of what the individual can exact from the governments." Dkt. 59, at page 3 (emphasis in original).

    1.2    Contrary to the case law cited in that Order, Plaintiffs seek to "exact from the City" the benefits of dictating which trees may be removed, the method to be used to construct certain improvements, and what species of birds may not be deterred in the 'Sacred Area'," Dkt. 59, at page 7, and they now seek broad and wide-ranging discovery from the City's Consultants about design, engineering, trees, accommodation of free exercise claims, other indigenous groups, etc.

    1.3    Plaintiffs served these document subpoenas despite representations by both sides that "*The Parties agree that the next step in this litigation is to appear before the Court for a status conference* to discuss a case schedule and certain discovery disputes." Plaintiffs' Reply in Support of Motion to Strike, Dkt. 117 (emphasis added). Costly depositions and wide-ranging document subpoenas are not the *next step* in this procedurally unusual case.

---

[1] Dkt. 59. *Order on Plaintiffs' Emergency Motion for Injunction Pending Appeal, pp. 4 and 7.*

City of San Antonio's Response to Motion to Strike &
Reply to Plaintiffs' Response – Page 2

1.4 In particular, Plaintiffs served subpoenas to the City's Design Consultant for the Brackenridge Park project. According to Plaintiffs, at page 6 of their Response, these subpoenas call for a wide range of documents, including "documents related to engineering designs used along the San Antonio River, tree removals, permits for designs, discussion of indigenous groups, and the scope and bases of design," allegedly "relevant to whether the City sought to accommodate Plaintiffs, considered more narrowly tailored designs, and the City's purported compelling interests in the chosen design." Dkt. 123, p. 6. Plaintiffs also seek production of Electronically Stored Information covering those same topics.

II. <u>The Court has the authority to consider and take appropriate action to control discovery and adopt special procedures.</u>

2.1 Rule 26(b) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although broad, the rules of discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010). The Court should limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In assessing the relevancy and proportionality of requested discovery, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  The City has standing to move for a protective order pursuant to Rule 26(c), and it has done so in its Motion for Protective Order and Motion to Quash, Dkt. 119, and in Supplemental Motion for Protective Order.  Dkt. 122.

III. <u>Plaintiffs' Motion to Strike should be denied; the parties have in fact conferred on the overarching "scope and timing" of discovery issue and the issue of subpoenas issued to City consultants.</u>

3.1   The parties have, in fact, conferred extensively on the fundamental disagreement on the timing and scope of discovery, which is the overarching issue at this point.  *See, e.g.,* Joint Rule 26(f) Report and Motion for Status Conference, Dkt. 112, the City's Motion for Status Conference and Guidance on Docket Management, Dkt. 113, as well as the City's Motion and Supplemental Motion for Protective Order.  (Dkts. 119 & 122).

3.2   In their Motion to Strike and Response, Dkt. 123, the Plaintiffs contend that the City did not object to the subpoenas to the City's consultants until two weeks after issuance of same.  This is incorrect, as plainly shown by the Plaintiffs' own Exhibit A to the Motion to Strike, at page 3.  In an email exchange on December 6, 2024, <u>the very next day</u> after issuance of the subpoenas, the undersigned counsel for the City notified Plaintiffs of the City's objection to the subpoenas, and offered to confer the next week. A conference was indeed held that next week; the issue of the subpoenas was discussed, but was not resolved.  As also shown by Plaintiffs' own Exhibit A to the Motion to Strike, at page 2, the undersigned counsel for the City suggested that the issue of the subpoenas

to consultants be put on hold "until and including January 7, 2025, so as to avoid any necessity to further engage on these discovery issues during the Holidays."

3.3     The Plaintiffs contend they are entitled to proceed with full discovery on the merits despite the prior agreement to hold off on discovery pending a status conference with the Court. The City disagrees, and contends that a status conference is necessary before embarking on unnecessary, expensive, and wide-ranging discovery to ask the City and its Consultants about the very things this Court has said Plaintiffs have no right to dictate.  No amount of discovery will cure that fundamental problem for Plaintiffs' theory of the case.  The agreement for a hold on discovery pending a status conference is a temporary hold – pending the Court's guidance on docket management.  There is nothing extraordinary about that.

WHEREFORE, PREMISES CONSIDERED, the City of San Antonio prays that the Court enter an order (a) granting the Supplemental Motion for Protective Order; (b) denying Plaintiffs' Motion to Strike; and (c) staying any further discovery procedures pending a Status Conference at the convenience of the Court.

Dated: December 27, 2024.

                                                Respectfully submitted,

                                                LANGLEY & BANACK, INCORPORATED
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
(210) 736-6600
(210) 735-6889 – Fax

By:     */s/ Fred R. Jones*
       Fred R. Jones
       State Bar No. 10886700
       Email: fjones@langleybanack.com
       Natalie F. Wilson

        State Bar No. 24076779
        Email: nwilson@langleybanack.com
        Sara Murray
        State Bar No. 14729400
        Email: smurray@langleybanack.com
        Ian M. McLin
        State Bar No. 24005071
        Email: imclin@langleybanack.com
        Lee Warren
        State Bar No. 24099453
        Email: lwarren@langleybanack.com

        -and-

        CITY OF SAN ANTONIO
        Deborah Klein
        Deputy City Attorney
        State Bar No. 11556750
        International Center
        203 S. St. Mary's Street, 2nd Floor
        San Antonio, Texas 78205
        (210) 207-8949
        (210) 207-4004 – Fax
        Deborah.Klein@sanantonio.gov


        ATTORNEYS FOR DEFENDANT
        CITY OF SAN ANTONIO


## CERTIFICATE OF SERVICE

    This is to certify that on the 27th day of December 2024, a true and correct copy of the foregoing document has been forwarded via electronic service through the Court's CM/ECF system to all counsel of record.

        */s/ Fred R. Jones*
        Fred R. Jones